# IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRIAN FREELAND &** | ) | |
| **ROBYN FREELAND** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 13-CV-08-JHP** |
| **AMERISTEP, INC., and** | ) | |
| **PRIMAL VANTAGE CO., INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is Plaintiffs' Amended Motion and Memorandum in Support to Reconsider the Court's April 24, 2014 Opinion and Order Regarding Defendants' Motion for Summary Judgment and Defendants' Motion in Limine to Exclude Charles Powell's Testimony ("Plaintiffs' Motion to Reconsider") [Doc. No. 97] and Defendants' response [Doc. No. 98]. Plaintiffs move the Court pursuant to Fed. R. Civ. P. 59(e) to reconsider its Opinion and Order [Doc. No. 95] granting the Defendants' Motion for Summary Judgment [Doc. No. 37] and the Defendants' Motion in Limine to Exclude, or In the Alternative, Limit the Testimony of Plaintiff's Expert Charles Powell ("Defendants' Motion in Limine"). [Doc. No. 45]. In the alternative, the Plaintiffs move the Court either to hold a *Daubert* hearing regarding the qualifications of their witness, Mr. Powell, or to amend the Scheduling Order to allow Plaintiffs time to name a new expert and for the Court to "reconsider the Court's Order regarding summary judgment."

**A. Defendants' Motion in Limine**

In its April 24, 2014 Opinion and Order the Court granted the Defendants' Motion in Limine on three distinct grounds. First, the Court found that Mr. Powell was not qualified to offer an expert opinion regarding the design and manufacture of the 2008 Ratchet Straps because he has very limited experience with UV inhibitors to polymer materials, the materials which were the subject of this case. [Doc. No. 95 at 5]. Second, the Court found that the testimony of Mr. Powell failed to satisfy the reliability requirements mandated by *Daubert* because he provided no basis for his conclusion that the 2008 Ratchet Straps did not contain a UV additive. [Doc. No. 95 at 6]. Third, the Court found that Mr. Powell's testimony did not satisfy the *Daubert* reliability requirements because he failed to offer an opinion regarding whether specifically the absence of UV additives in the polymer straps caused the strap failure. [Doc. No. 95 at 7].

Plaintiffs assert that "the Court injected its own issue as to Mr. Powell's qualifications as a materials expert without conducting a *Daubert* hearing of Mr. Powell's qualifications." [Doc. No. 97 at 3-5]. The Court need not reach the merits of the Plaintiff's assertion that a *Daubert* hearing regarding Mr. Powell's qualifications was required because the Court's Opinion and Order granting the Defendants' Motion in Limine did not depend upon its finding that Mr. Powell was not qualified as an expert.

In its Opinion and Order granting the Defendants' Motion in Limine as to Mr. Powell's expert testimony, the Court found:

> Mr. Powell[] did not offer an opinion regarding the specific cause of the 2008
>
> Ratchet Straps failure. . . . Consequently, Mr. Powell's opinion that the ratchet
>
> straps were defective because they failed to contain UV additives does not satisfy

the requirements of *Daubert*, and Defendants' Motion in Limine [Doc. No. 45] must be GRANTED. [Doc. No. 95 at 7].

Mr. Powell provided no opinion regarding whether the absence of the UV additive actually caused the strap failure that injured Mr. Freeland. He merely stated that exposure to the elements, or weathering, caused the straps to degrade. [Doc. No. 44, Ex. 4 at ¶¶ 6.1, 6.7]. Given that Mr. Powell provided the opinion that the straps were defective due to the Defendants' failure to incorporate a UV additive, the relevant inquiry is whether the UV additive would have prevented Mr. Freeland's injuries. Mr. Powell testified that he did not do any tests on the 2008 Ratchet Straps or any exemplar ratchet straps to determine the amount of degradation and resulting tinsel strength reduction caused by exposure to the elements. [Doc. No. 73, Ex. 3 at 22-3]. Mr. Powell also testified that he did not identify what element (i.e., sunlight, wind, rain, extreme temperatures) caused the breakdown of the ratchet straps. [*Id.* at 24-5]. Furthermore, Mr. Powell did not attempt to quantify how much longer the ratchet straps would have lasted if Defendants incorporated a UV additive into the polymer webbing used to manufacture the ratchet straps. [*Id.* at 25].

The Plaintiff does not ask the Court to reconsider its finding that Mr. Powell's opinion was unreliable because he did not specify a cause of the 2008 Ratchet Straps failure. The Court need not go through the academic exercise of reconsidering the other grounds for granting the Defendants' Motion in Limine given that Mr. Powell's failure to provide a reliable opinion as to causation is alone fatal to his testimony as an expert. The Court therefore DENIES the Defendant's motion to reconsider its Opinion and Order granting the Defendants' Motion in Limine.

### B. Defendants' Motion for Summary Judgment

The Court also granted the Defendant's Motion for Summary Judgment in its April 24, 2014 Order and Opinion. The Plaintiffs asserted claims against Defendants for (1) strict manufacturer's products liability based on design defect, manufacturing defect, and inadequate warning; and (2) negligence based on failure to exercise due care in designing and manufacturing certain hunting equipment and warning of potential dangers associated with the use of the hunting equipment. The Defendants filed a Motion for Summary Judgment seeking summary adjudication on all claims asserted by Plaintiffs. [Doc. No. 37]. The Court granted the Defendants Motion for Summary Judgment. [Doc. No. 95]. In their Motion for Reconsideration, the Plaintiffs challenge the Court's decision to grant summary judgment in only one respect. The Plaintiffs assert that the Court committed clear error when it found that "No documents identifying the specific polymer chemistry for the webbing have been produced. Without more, there is simply no basis for Mr. Powell's conclusion that the 2008 Ratchet Straps failed to contain UV additives." [Doc. No. 95 at 6]. The Plaintiffs argue that in coming to this conclusion the Court failed to consider evidence including the deposition testimony of Defendants' Corporate Representative as well as the Defendants' disclosure of the specifications of the polypropylene. [Doc. No. 97 at 6].

At the outset the Court notes that the conclusion above quoted and challenged by the Defendant is contained in the Court's findings on the Motion in Limine, not the Motion for Summary Judgment. The Court held that Mr. Powell had not provided a basis in his report or testimony to support his opinion that the 2008 Ratchet Straps failed to contain UV additives. This was one of three grounds that the Court stated for granting the Defendants' Motion in Limine. [Doc. No. 95 at 6]. Separately, in the Court's findings regarding the Motion for

Summary Judgment, the Court found, "Plaintiffs submitted no evidence from which one could infer that the 2008 Ratchet Straps lacked UV additives. . . . Consequently, the Court finds that Plaintiffs have failed to present evidence sufficient [to] establish that the 2008 Ratchet Straps were defective." [Doc. No. 95 at 9].

Again, the Plaintiff asks the Court to engage in a reconsideration of one of several independent grounds relied upon to grant summary judgment. As the Court stated in its Opinion and Order, "Even if the Court were to find that Plaintiffs were able to establish a defect, Plaintiffs still fail to show that the purported defect caused Mr. Freeland's injuries. In order to defeat summary judgment, Plaintiffs must offer evidence of probable causation. . . . *Dutsch v. Sea Ray Boats, Inc.*, 845 P.2d 191, 191 (Okla. 1992)." [Doc. No. 95 at 9]. The Plaintiffs present no evidence, even considering the report and testimony of Mr. Powell, to establish that Defendant's alleged failure to incorporate a UV additive into the polymer webbing of the 2008 Ratchet Straps caused Mr. Freeland's injuries or even that the straps were damaged by sunlight. [Doc. No. 95 at 10]. The Plaintiff does not ask the Court to reconsider this aspect of its findings, and without any evidence that the Defendants' alleged defect or negligence *caused* the injuries to Mr. Freeland, summary judgment is necessary on both the Plaintiffs' strict liability and negligence claims.

### C. Requested Alternate Relief

In the alternative, the Plaintiffs move the Court either to hold a *Daubert* hearing regarding the qualifications of their witness, Mr. Powell, or to amend the Scheduling Order to allow Plaintiffs  time to name a new expert and for the Court to "reconsider the Court's Order regarding summary judgment." [Doc. No. 97 at 1].

As explained above with respect to the Defendants' Motion in Limine, even if the Plaintiffs were to prove in a *Daubert* hearing that Mr. Powell was qualified, the Court's decision to grant the Defendants' Motion in Limine would not change. Regardless of whether Mr. Powell is qualified as an expert, his opinion fails to meet the standards of reliability necessary under *Daubert* and its progeny. Therefore, the Plaintiffs' untimely motion for a *Daubert* hearing is DENIED.

Finally, the Plaintiffs request that the Court amend the scheduling order to reopen discovery so that the Plaintiffs may name a new expert and the Court can hear new evidence to rebut the Defendants' Motion for Summary Judgment. When the Court granted the Defendants' Motion for Summary Judgment, the trial of this case was scheduled to begin in 12 days. To allow the Plaintiffs to restart the clock in search of more persuasive evidence would be unfair and prejudicial to the Defendants and would not serve the Court's interest in providing finality to the parties. Therefore, the Plaintiff's motion to amend the scheduling order is DENIED.

THEREFORE, the Plaintiffs' Amended Motion and Memorandum in Support to Reconsider the Court's April 24, 2014 Opinion and Order Regarding Defendants' Motion for Summary Judgment and Defendants' Motion in Limine to Exclude Charles Powell's Testimony is DENIED.

IT IS SO ORDERED this 31st day of March, 2015.

James H. Payne
United States District Judge
Eastern District of Oklahoma